```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

CASSANDRA ADAMS,                 \*
                                 \*
    Plaintiff,              \*
                                 \*
vs.                              \*   CIVIL ACTION NO. 24-00163-KD-B
                                 \*
CHRISTINE C. HERNANDEZ, *et al.*,\*
                                 \*
    Defendants.             \*

## ORDER

Plaintiff Cassandra Adams, who is proceeding without an attorney, filed a civil complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2). This matter was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Upon review of Adams' filings, the Court finds that her complaint violates federal pleading standards and fails to state a basis for federal jurisdiction, and that her motion to proceed without prepayment of fees is deficient.

    **I.   Complaint (Doc. 1).**

In her complaint,[1] Adams names the following Defendants: the Alabama Court of Criminal Appeals; D. Scott Mitchell, the Clerk of the Alabama Court of Criminal Appeals; and attorney Christine C.

---

[1] Adams utilized a form titled "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case" for her complaint. (<u>See</u> Doc. 1).

Hernandez.  (Doc. 1 at 1-2).  Adams asserts that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because "conspiracy to commit fraud" under 18 U.S.C. § 371 is at issue in this case.  (Id. at 3).  When prompted on the complaint form to write a short and plain statement of her claim, Adams states: "On or about May 13, 2024 dates on an criminal appeal application was changed.  In Case 2023-0386."  (Id. at 4).  For relief, Adams seeks "1,000,000" dollars.  (Id.).

## II. The Complaint Fails to Allege Facts Establishing This Court's Subject Matter Jurisdiction.

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

It is a plaintiff's duty in a federal civil action to identify in the complaint the basis for the court's subject matter jurisdiction.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  Federal Rule of Civil Procedure 8(a)(1) states that a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  A

plaintiff must affirmatively allege facts establishing the existence of jurisdiction. Taylor, 30 F.3d at 1367. "And it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020). When a plaintiff fails to allege facts that, if true, show that federal subject matter jurisdiction over her case exists, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013).

There are two primary types of subject matter jurisdiction given to federal district courts.[2] First, under 28 U.S.C. § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A plaintiff properly invokes federal question jurisdiction under § 1331 when she "pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).

---

[2] "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Adams does not cite or rely upon a specific statutory grant of jurisdiction. (See Doc. 1).

3

However, a claim nominally invoking federal question jurisdiction under § 1331 "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n.10 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).

Second, under 28 U.S.C. § 1332, district courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' - the citizenship of every plaintiff must be diverse from the citizenship of every defendant." Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).

After careful review of Adams' complaint, the undersigned finds that it fails to set forth any valid basis for this Court's subject matter jurisdiction. As noted, Adams appears to assert that federal question jurisdiction exists in this case because the Defendants engaged in a "conspiracy to commit fraud" in violation of 18 U.S.C. § 371. (See Doc. 1 at 3). 18 U.S.C. § 371 provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

4

> If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

18 U.S.C. § 371. Section 371 "is a criminal statute, and courts throughout the country have found there is no private cause of action under this statute." Thomas v. Vulcan Materials Co., 2019 U.S. Dist. LEXIS 212046, at *11, 2019 WL 6700107, at *4 (N.D. Cal. Dec. 9, 2019); see, e.g., Kennedy v. Warren Props., Inc., 2017 U.S. Dist. LEXIS 197908, at *14-15, 2017 WL 6002803, at *6 (S.D. Ala. Dec. 1, 2017) (finding that 18 U.S.C. § 371 does not provide a private civil cause of action for conspiracy because it is "criminal in nature" and provides no civil remedies). Moreover, even if § 371 did provide a private civil remedy, which it does not, Adams alleges no facts suggesting that any of the Defendants conspired to defraud or commit an offense against the United States or one of its agencies. Adams' claim under 18 U.S.C. § 371 is wholly insubstantial and frivolous. Consequently, Adams' complaint fails to present any colorable federal issue or claim and does not provide the Court with a basis to exercise federal question jurisdiction over this action. Moreover, Adams makes no attempt to invoke diversity jurisdiction, and there seems to be no basis for her to do so, since the parties all appear to be Alabama citizens.

To be sure, the Court must liberally construe Adams' *pro se* pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the Court cannot act as counsel for Adams or rewrite her otherwise deficient pleading in order to sustain this action. See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). Furthermore, as a *pro se* litigant, Adams is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). And, even when Adams' complaint is given the most liberal construction possible, there is no factual basis for federal jurisdiction stated on its face.

**III. The Complaint Fails to Comply with Federal Pleading Standards.**

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

6

Complaints that violate these rules are "disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four general types or categories of shotgun pleadings. See id. at 1321-23. These include complaints that do not separate each cause of action or claim for relief into a different count, and complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints. Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006).

Adams' complaint fails to meet the basic pleading requirements set out above. Although the complaint identifies the legal claim Adams is attempting to assert – albeit one that is frivolous as a matter of law – it violates Rule 8(a)(2) because it does not specify the factual grounds for her claim. Adams' only allegation is that on or about May 13, 2024, "dates on an criminal appeal application was changed" in Case Number 2023-0386. (See

7

Doc. 1 at 4). This statement is devoid of any factual context other than the case number and lacks even a single allegation of misconduct on the part of any Defendant. Indeed, after listing the three Defendants, Adams fails to mention any of them again in her complaint, much less specify the alleged acts or omissions for which each Defendant is being sued.

Moreover, to the extent Adams is alleging fraud or conspiracy to commit fraud, she has not done so with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 9(b); Sonnenreich v. Philip Morris Inc., 929 F. Supp. 416, 420 (S.D. Fla. 1996) ("If Plaintiff intends to allege fraud or conspiracy to commit fraud, she must do so with particularity, as required by the Federal Rules of Civil Procedure."). If alleging fraud or conspiracy to commit fraud, a plaintiff must plead "facts as to time, place, and substance of the defendant's alleged fraud," specifically "the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." Cooper v. Blue Cross & Blue Shield of Fla., Inc., 19 F.3d 562, 567-68 (11th Cir. 1994) (per curiam).

In sum, Adams' complaint violates federal pleading standards because it does not adequately specify the factual grounds upon which her claims rest and leaves the Court to speculate as to why she is suing the Defendants.

### IV. Claims Against the Alabama Court of Criminal Appeals and D. Scott Mitchell.

As noted, Adams is suing the Alabama Court of Criminal Appeals and its Clerk, D. Scott Mitchell, apparently based on the contention that dates on a "criminal appeal application" before the Alabama Court of Criminal Appeals "was changed." (See Doc. 1 at 1-2).

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment bars a suit against a state brought by a citizen of that state. See Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). "This immunity from suit extends to 'arms of the State,' including state courts." Caffey v. Ala. Supreme Ct., 469 F. App'x 748, 751 (11th Cir. 2012) (per curiam) (finding that the Alabama Supreme Court was entitled to Eleventh Amendment immunity in action arising from plaintiff's disbarment); Jones v. Rothenberg, 2010 U.S. Dist. LEXIS 80030, at *4, 2010 WL 2650899, at *2 (S.D. Fla. June 30, 2010) ("The judiciary is an arm of the state, thus the [Eleventh] Amendment prohibits actions against state courts."). Eleventh Amendment immunity also extends to state officials sued in their official capacities when "the state is the real,

9

substantial party in interest." Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990) (citations omitted).

The two exceptions to Eleventh Amendment immunity are if the state has waived its immunity or if Congress has abrogated the state's immunity. Id. "Alabama has not waived Eleventh Amendment immunity." Amiri v. Bd. of Trs. of Univ. of Ala., 440 F. Supp. 3d 1267, 1274 (N.D. Ala. 2020). Therefore, to the extent Adams is suing the Alabama Court of Criminal Appeals or its Clerk, D. Scott Mitchell, in his official capacity, any claim against those Defendants is barred unless Adams can show that Congress has abrogated Alabama's Eleventh Amendment immunity for the particular type of claim she is asserting.

Furthermore, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (citing Stump v. Sparkman, 435 U.S. 349, 356-77 (1978); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. Judicial immunity also "extends to a court clerk performing duties integrally related to the judicial process." Steiger v. Strange, 2017 U.S. Dist. LEXIS 136126, at *16, 2017 WL 4251253, at *6 (M.D. Ala. Aug. 23, 2017), report and recommendation adopted,

2017 U.S. Dist. LEXIS 155903, 2017 WL 4249715 (M.D. Ala. Sept. 25, 2017); see Jenkins v. Clerk of Ct., U.S. Dist. Ct., S. Dist. of Fla., 150 F. App'x 988, 990 (11th Cir. 2005) (per curiam). Thus, to the extent Adams is asserting claims against Defendant Mitchell based on his performance of duties integrally related to the judicial process, such claims are subject to dismissal.

**V.     Order to Amend Complaint.**

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted). Moreover, "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984).

Accordingly, Adams' complaint (Doc. 1) is **STRICKEN**, and Adams is **GRANTED LEAVE** to file, on or before **June 28, 2024,** an amended complaint that states a valid basis for federal subject matter jurisdiction and addresses and corrects the pleading deficiencies noted in this order, to the extent she is able to do so. Adams must plead her claims with sufficient specificity to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure. This includes: (1) identifying her pleading as an amended complaint; (2) identifying the grounds for this Court's jurisdiction and

alleging facts that show the existence of subject matter jurisdiction; (3) making clear which claim(s) for relief or cause(s) of action she is asserting against each Defendant; (4) providing the specific factual grounds upon which each of her claims for relief or causes of action are based; (5) specifying the conduct that each Defendant is alleged to have engaged in with respect to each claim asserted against that Defendant; and (6) stating the relief she seeks.

Adams is informed that a complaint in federal court must contain sufficient factual matter to state a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of her claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

12

enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).[3]

Adams' amended complaint will replace her original complaint. Therefore, the amended complaint shall not reference or seek to incorporate by reference the original complaint. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against her adversary when an amended complaint is filed).

Adams is hereby **cautioned** that if she does not file an amended complaint within the ordered time, or if she files an amended complaint that fails to address and correct the deficiencies in her original complaint that are described in this order, the undersigned will recommend that this action be dismissed.

---

[3] There is some indication that Adams' complaint relates to a "criminal appeal application" filed on behalf of Quinterious Williams (AIS # 327717), who was recently convicted of attempted murder in the Circuit Court of Mobile County, Alabama and sentenced to life in prison. (See Doc. 1 at 1); see also https://doc.alabama.gov/InmateHistory. As Adams has already been informed in another case, an individual who is not an attorney and licensed to practice law is not authorized to represent the interests of others in this Court. See FuQua v. Massey, 615 F. App'x 611, 612 (11th Cir. 2015) (per curiam) ("The right to appear pro se . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others."). Therefore, to the extent Adams is attempting to represent the interests of Quinterious Williams by raising claims based on events in his appellate case, she has no right or standing to do so. Mr. Williams must proceed through an attorney or own his own, pro se.

### VI. Adams' Motion to Proceed Without Prepayment of Fees is Deficient.

Finally, after careful review of Adams' motion to proceed without prepayment of fees, the undersigned finds that it does not provide enough information to allow the Court to determine whether Adams should be permitted to proceed *in forma pauperis* in this action, for the reasons explained below.

First, Adams indicates that she is currently employed by Sam's Club while also stating that she "had to take a leave of absence from work due to illness." (Doc. 2 at 1-2). However, Adams does not specify when she had to take a leave of absence, the length of her leave of absence, or whether the leave of absence has ended or is still continuing. Without such information, the Court cannot determine the relevance of the leave of absence to Adams' current financial situation.

Also, in response to Question 2.c. in Section VI of the motion form, Adams indicates that she has received absolutely no monies from any source during the past twelve months, which is not only implausible but conflicts with her statement that she received income from her job. (See id. at 2-3). Moreover, Adams indicates that she has no car, but she fails to explain how she provides for transportation, including transportation to Baldwin County for work. (See id.). Likewise, Adams indicates that she has no

14

monthly rental or mortgage payment, but she fails to explain how she provides for shelter. (See id.).

Because it does not appear to convey a complete and accurate depiction of her present financial situation, Adams' motion to proceed without prepayment of fees (Doc. 2) is **DENIED without prejudice**. Adams is **ORDERED** to file a new motion to proceed without prepayment of fees on this Court's form on or before **June 28, 2024**. In her new motion, Adams must make a good faith effort to carefully and completely respond to each question in the form so as to aid the Court in determining whether she should be permitted to proceed without prepayment of fees. Adams must include information that explains how she is providing for life's basic necessities, including food, clothing, transportation, and shelter. To the extent she is receiving assistance (such as family assistance, food stamps or other government aid, or assistance from a charity or other nonprofit entity), she must detail the type and amount (if applicable) of such assistance and identify each individual, group, or entity providing such assistance. Adams is informed that her new motion to proceed without prepayment of fees must convey a complete and accurate picture of her entire financial situation. In lieu of filing a new motion to proceed without prepayment of fees, Adams may pay the **$405.00** filing fee for a civil action on or before **June 28, 2024.**

Adams is cautioned that the failure to fully comply with this order within the required time, or the failure to immediately notify the Court of any change in her address, will result in a recommendation that this action be dismissed.

The Clerk is **DIRECTED** to send Adams a copy of this Court's form for a motion to proceed without prepayment of fees, and a copy of this Court's Pro Se Litigant Handbook.  Adams is encouraged to review the handbook carefully and utilize it in drafting her amended complaint, so as to avoid repetition of the pleading deficiencies identified herein.

**DONE** this **28th** day of **May, 2024.**

                                        /S/ SONJA F. BIVINS
                                   **UNITED STATES MAGISTRATE JUDGE**